IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:18-cr-420 |
| | ) | |
| v. | ) | Count 1: 18 U.S.C. § 1623(c) |
| | ) | (Perjury) |
| DANIEL L. QUARLES, | ) | |
| | ) | Count 2: 18 U.S.C. § 1503(a) |
| Defendant. | ) | (Obstruction of Justice) |
| | ) | |

## INDICTMENT

November 2018 Term – at Alexandria, Virginia

GENERAL ALLEGATIONS

THE GRAND JURY CHARGES THAT:

1.      On March 20, 2017, Preston G. Holmes III, Matthew D. Jones, and DANIEL L.
QUARLES were charged by criminal complaint with conspiring to steal firearms from a
federally licensed firearms dealer, in violation of Title 18, United States Code, Section 371, and
stealing firearms from a federally licensed firearms dealer, in violation of Title 18, United States
Code, Section 922(u).

2.      QUARLES and Holmes are half-brothers who share the same biological mother.

3.      On March 27, 2017, QUARLES and his counsel met with the government
pursuant to the terms of a proffer letter executed by the parties.  During the meeting, QUARLES
answered questions concerning the conduct that gave rise to the aforementioned criminal
complaint.

4.      On April 5, 2017, QUARLES entered into a plea agreement with the United
States pursuant to which he agreed to waive indictment and plead guilty to a two-count criminal

information charging him with conspiring to steal firearms from a federally licensed firearms dealer, in violation of Title 18, United States Code, Section 371, and stealing firearms from a federally licensed firearms dealer, in violation of Title 18, United States Code, Section 922(u).

5.      By entering into the plea agreement, QUARLES agreed to cooperate "fully and truthfully with the United States, and to provide all information known to [him] regarding any criminal activity as requested by the United States." QUARLES further agreed "to testify truthfully and completely at any . . . trials . . . ."

6.      In addition to executing the plea agreement, QUARLES signed a statement of facts that he stipulated was "true and correct."

7.      On April 5, 2017, QUARLES appeared before the Honorable Gerald Bruce Lee, United States District Judge for the Eastern District of Virginia, at which time he was placed under oath by the deputy clerk.

8.      QUARLES informed the Court that he had not consumed any drugs or alcohol before coming to court that day, that he was not taking any medications, and that he was not in treatment for any mental health disorders.

9.      QUARLES further informed the Court that he had had adequate time to discuss his case with his counsel and that nobody had threatened or forced him to plead guilty.

10.     Thereafter, QUARLES formally pled guilty to the two offenses charged in the criminal information, and the Court determined that QUARLES' pleas were "freely and voluntarily made without any threats or coercion of any kind and with the effective assistance of counsel." The Court further found that QUARLES' "admission to the statement of facts is more than [a] sufficient factual basis, and the Court will find [QUARLES] guilty of the offense[s] as charged."

11.     QUARLES' co-conspirators, Holmes and Jones, were subsequently indicted on April 13, 2017, and elected to go to trial before a jury.

12.     On May 17, 2017, and again on June 19, 2017, QUARLES and his counsel met with the government pursuant to the terms of his plea agreement obligating him to cooperate with the government's investigation and prosecution of Holmes and Jones.

13.     On June 26 and 27, 2017, at the trial of Holmes and Jones, QUARLES testified as a witness for the United States in its case-in-chief.

14.     During his testimony, QUARLES was shown and asked questions about his statement of facts, which was admitted into evidence as part of government's exhibit 12-1B.

## COUNT 1
### (Perjury)

THE GRAND JURY FURTHER CHARGES THAT:

1.     Paragraphs 1 through 13 of the General Allegations of this Indictment are repeated and re-alleged as though fully set forth herein.

2.     On or about June 26, 2017, in Alexandria, Virginia, in the Eastern District of Virginia, the defendant, DANIEL L. QUARLES, while under oath as a witness in a case then being tried before the United States District Court for the Eastern District of Virginia—that is, *United States v. Preston G. Holmes III, et al.*, Case No. 1:17-cr-00067-GBL—knowingly made a material declaration which was inconsistent with a prior material declaration knowingly made by QUARLES while testifying under oath in a proceeding before the United States District Court for the Eastern District of Virginia—that is, *United States v. Daniel L. Quarles*, Case No. 1:17-cr-00065-GBL—such material declarations being inconsistent to the degree that one of them is necessarily false.

3

3.      On or about April 5, 2017, while testifying under oath before the United States

District Court for the Eastern District of Virginia in *United States v. Daniel L. Quarles*, Case No.

1:17-cr-00065-GBL, QUARLES knowingly testified with respect to a material matter as follows:

> THE COURT:  Now, I have another document here, Mr. Quarles.  It's called
> statement of facts.  And it appears to be six pages long.  And it appears to be signed
> by you on page six.  Is that your signature on page six of this document that I'm
> showing you now?  Have you had sufficient time to review this statement of facts
> with your lawyer?
>
> MR. QUARLES:  Yes, Your Honor.
>
> THE COURT:  Do you admit this is what you did?
>
> MR. QUARLES:  Yes, Your Honor.

4.      On or about June 26, 2017, while appearing as a witness under oath before the

United States District Court for the Eastern District of Virginia in *United States v. Preston G.*

*Holmes III, et al.*, Case No. 1:17-cr-00067-GBL, QUARLES knowingly testified with respect to

material matters as follows:

> THE PROSECUTOR:  Mr. Quarles, returning to Government's Exhibit 12-1B, and
> specifically the first page of the statement of facts portion of that document, I'd like
> to direct your attention to certain paragraphs and ask you a few questions.  So please
> take a look at paragraph one.  It states that: "On or about March 3rd, 2017, Preston
> G. Holmes, the third, rented a U-Haul rental van from U-Haul Moving and Storage
> of Landover, located in Landover, Maryland."  Was that true?
>
> MR. QUARLES:  No.
>
> THE PROSECUTOR:  The second paragraph says that: On or about March 11th,
> 2017, that you[,] Matthew D. Jones and Mr. Homes traveled in the U-Haul rental
> van to Chantilly Virginia, where at or around 5:00 a.m. [o]n that date you parked
> in the vicinity of 50 West Armory . . . located at 13930 Metrotech Drive in
> Chantilly, in the Eastern District of Virginia.  Was that true?
>
> MR. QUARLES:  No.
>
> THE PROSECUTOR:  The paragraph further states that you all drove to 50 West
> Armory with the intention of entering the premises without the owner's consent,
> [and] stealing firearms located therein.  Was that true?
>
> MR. QUARLES:  No.

THE PROSECUTOR:  The paragraph continues: "Within minutes of arriving, Mr. Holmes approached the business, peered inside and attempted to open the front door, but was unsuccessful."  Was that true?

MR. QUARLES:  <u>No</u>.

[. . . .]

THE PROSECUTOR:  The paragraph continues that [you and Mr. Jones] removed 35 firearms from the display cases, depositing them in the plastic bin that you had brought into the store with you, which you then transported to the van that you had arrived in before driving off with Mr. Holmes.  Was that true?

MR. QUARLES:  <u>No</u>.

[. . . .]

THE PROSECUTOR:  Paragraph three states that you, Mr. Holmes, and Mr. Jones later split the 35 firearms among yourselves, with you getting ten.  Was that true?

MR. QUARLES:  <u>No</u>.

THE PROSECUTOR:  The paragraph continues that you . . . later sold all ten firearms to two persons in Landover, Maryland, for approximately $2,200.  Was that true?

MR. QUARLES:  <u>No</u>.

[. . . .]

THE PROSECUTOR:  Please direct your attention to paragraph five.  The first line of that [paragraph] states that: On or about March 14th, 2017, at approximately 5:10 a.m., you, Mr. Holmes and Mr. Jones traveled in the same U-Haul rental van to Fredericksburg, Virginia, where you approached the premises occupied by A-S-H or ASH Tactical, located at 4473 Jefferson Davis Highway in Fredericksburg, in the Eastern District of Virginia.  Was that true?

MR. QUARLES:  <u>No</u>.

THE PROSECUTOR:  The paragraph continues that you all drove to ASH Tactical with the intention of entering the premises without the owner's consent and stealing firearms located therein.  Was that true?

MR. QUARLES:  <u>No</u>.

[. . . .]

THE PROSECUTOR:  Paragraph six states that on that same date, at approximately 5:40 a.m., you . . . , Mr. Holmes and Mr. Jones traveled in the same U-Haul rental

van to SSG Tactical, located at 610 Westwood Office Park, Fredericksburg, Virginia. Was that true?

MR. QUARLES: <u>No</u>.

THE PROSECUTOR: The paragraph continues that you all drove to SSG Tactical with the intention of entering the premises without the owner's consent and stealing firearms located therein. Was that true?

MR. QUARLES: <u>No</u>.

[. . . .]

THE PROSECUTOR: The paragraph continues that you and Mr. Jones left the premises, entered the van, and drove off with Mr. Holmes. Was that true?

MR. QUARLES: <u>No</u>.

[. . . .]

THE PROSECUTOR: Directing your attention to the bottom of page five in the paragraph that begins there specifically, it states that: "After consulting with my attorney and pursuant to the plea agreement entered into this day between the United States and me, I hereby stipulate that the above statement of facts is true and accurate and that, had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt." Was that true?

MR. QUARLES: <u>No</u>.

5.    The underscored declarations of QUARLES quoted in paragraphs 3 and 4 were irreconcilably contradictory and were material to the point in question in each of the proceedings before which such declarations were made because they were capable of influencing the decision making body to which they were addressed.

(In violation of Title 18, United States Code, Section 1623(c).)

## COUNT 2
(Obstruction of Justice)

THE GRAND JURY FURTHER CHARGES THAT:

1.      Paragraphs 1 through 13 of the General Allegations of this Indictment are repeated and re-alleged as though fully set forth herein.

2.      From on or about June 26, 2017, and continuing through on or about June 27, 2017, in Alexandria, Virginia, in the Eastern District of Virginia, the defendant, DANIEL L. QUARLES, did corruptly endeavor to influence, obstruct, and impede the due administration of justice under which a pending proceeding was being had before the United States District Court for the Eastern District of Virginia, in the criminal jury trial of *United States v. Preston G. Holmes III, et al.*, 1:17-cr-00067-GBL, by giving false testimony relating to the participation by Preston G. Holmes III in the burglary of 50 West Armory on March 11, 2017, and the attempted burglaries of A.S.H. Tactical and SSG Tactical on March 14, 2017.

(In violation of Title 18, United States Code, Section 1503(a).)

A TRUE BILL

Pursuant to the E-Government Act,
The original of this page has been filed
under seal in the Clerk's Office

_____
DATE

_____
FOREPERSON

G. Zachary Terwilliger
United States Attorney

By: _____
Alexander E. Blanchard
Assistant United States Attorney